CONNER, J.,
concurring in part, dissenting in part.
I concur with all of the majority opinion except for the determination that the evidence supports the termination of parental rights because R.B. abandoned A.N.B.
Section 39.01(1), Florida Statutes (2010), provides:
“Abandoned” or “abandonment” means a situation in which the parent or legal custodian of a child ... while being able, *1080 makes no provision for the child’s support and has failed to establish or maintain a substantial and positive relationship with the child. For purposes of this subsection, “establishes or maintains a substantial and positive relationship” includes, but is not limited to, frequent and regular contact with the child through frequent and regular visitation. ...
Thus, it appears that “abandonment” has two components: 1) failure to provide support for the child, and 2) failure to establish or maintain a substantial and positive relationship with the child.
The evidence was clear and convincing that R.B. did not provide support for A.N.B. However, there was no competent substantial evidence to support the trial court’s determination that R.B. failed to establish or maintain a substantial and positive relationship with A.N.B.
A.N.B. was born on November 4, 2010, and the final hearing was conducted on May 9, 2011. Thus, the child was six months old at the time of the termination hearing. There was evidence that R.B. was readmitted to the hospital shortly after A.N.B.’s birth due to complications from the birth. Then she was incarcerated for a probation violation in January 2011 and remained in custody until March 2011. During the child’s first six months of life, R.B. visited the child fifteen times. She never missed scheduled visits with the baby and conducted herself appropriately during those visits. If she was available to visit with the baby for only three months (because the rest of the time she was hospitalized or incarcerated), then it appears her visits were “frequent and regular” when she visited the baby fifteen times. Even assuming the mother is faulted for getting herself arrested for violation of probation and creating the circumstance which precluded more frequent visits, fifteen visits over six months is enough to demonstrate R.B. did not abandon A.N.B. In my view the second component of “abandonment” was not proven.